**Glen Dale SHELVIN, Plaintiff-Appellee,**

v.

**INLAND WELL SERVICE, INC., et al.,
Defendant-Appellant.**

No. 81–3752
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1983.

John Blackwell, New Iberia, La., for defendant-appellant.

Richard R. Kennedy, Lafayette, La., Albert L. Boudreau, Jr., Abbeville, La., for plaintiff-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Glen Shelvin brought this suit for personal injuries suffered when he received a permanently disabling electrical shock while employed as a floorhand on Inland Well Service's drilling barge. Inland Well stipulated as to both its liability and the absence of contributory negligence on Shelvin's part. A jury trial was held to determine the amount of damages, after which the jury awarded $500,000 to Shelvin in a lump sum. The trial court had briefly instructed the jury that it should consider the effects of inflation in determining its award. Since the date of that trial, this Court has decided the case of *Culver v. Slater Boat Co.,* 688 F.2d 280 (5th Cir.1982) (en banc). Because the trial court's jury instruction as to inflation did not meet the guidelines we set out in *Culver,* we remand this case for a new trial on the damages issue.

The trial judge broadly instructed the jury as to what consideration it should give to inflation in assessing its damages award:

Now, in considering any element of damage to be experienced in the future, you are instructed that you may take into account any possible effect of present or future inflation in arriving in the amount thereof that you find proven in this case by a preponderance of the evidence....

Now, you should adjust those figures to determine what his net income would be, or would have been in the future. And, you may consider the effect of future inflation or present inflation on those wages.

Our holding in *Culver* controls cases "(i) now being tried, (ii) tried hereafter and (iii) those heretofore tried and now on, or subject to, appeal in which the issue has been properly and adequately raised." 688 F.2d at 311. This is such a case. In *Culver*, although we declined to construct a suggested charge, we set forth separate determinations which the jury must be instructed to make in calculating the effect of inflation on a plaintiff's future lost wages. We suggested strongly that the jury's findings on these issues be separately stated. We emphasized that the jury instructions on this issue should make it clear "that the purpose of the award for future lost wages is not to protect the plaintiff from future inflation. The goal is simply to replace for future wages actually lost." 688 F.2d at 307.

This Court recently considered an almost identical jury instruction in *Moore v. Offshore Logistics, Inc.,* 692 F.2d 755 (5th Cir. 1982).[1] In light of *Culver*, we reversed the jury's lump-sum damages award and remanded for a new trial on the damages issue. Here, as in *Moore*, specific instructions were not issued to guide the jury in its calculation of the effects of inflation, nor were separate determinations made. A new trial on the damages issue is required.

REVERSED and REMANDED.

1. The district court in *Moore* had instructed the jury that " '... you may consider inflation in assessing the amount of any award.' "